UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARK THREATTS,

    Plaintiff,                        CASE NO.:

-VS-

VERIZON COMMUNICATIONS,
INC., and CONVERGENT
OUTSOURCING INC.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, MARK THREATTS, by and through the undersigned counsel, and sues Defendants, VERIZON COMMUNICATIONS, INC., (hereinafter "Defendant, Verizon") and CONVERGENT OUTSOURCING INC., (hereinafter "Defendant, Convergent") (collectively "Defendants") and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

1

# **INTRODUCTION**

1. The TCPA was enacted to prevent companies like Defendants from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the ***1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May

27,2015),http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8. The alleged violations described herein occurred in Gadsden County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in Quincy, Gadsden County, Florida.

10. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

11. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

12. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

13. Defendant, Verizon, is a corporation which was formed in Delaware with its principal place of business located at 1095 Avenue of Americas New York, NY 10036 and which conducts business in the State of Florida through its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14. Defendant, Convergent, is a corporation which was formed in Washington with its principal place of business located at 800 Southwest 39th Street, Renton, Washington 98057, and which conducts business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation FL 33324.

15. Convergent, is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

16. Verizon is a "creditor" as defined in Florida Statute §559.55(5)

17. The debt that is the subject matter of this complaint is a "consumer debt" as defined by U.S.C. § 1692(a)(5).

18. Defendants collectively called Plaintiff on their respective cellular telephones approximately two hundred (200) times in an attempt to collect a debt. The exact number of calls will be established after a thorough review of Defendant's records.

19. Defendants attempted to collect an alleged debt from the Plaintiff by this campaign of telephone calls.

20. Defendants intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

21. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (850) \*\*\* - 6147, and was the called party and recipient of Defendant's hereinafter described calls.

22. Defendants placed an exorbitant number of automated calls to Plaintiff's cellular telephone (850) \*\*\* - 6147 in an attempt to collect on an alleged debt.

23. On several occasions over the last four (4) years, Plaintiff instructed Defendants' agent(s) to stop calling his cellular telephone.

24. Upon receipt of the calls from Defendants, Plaintiff' caller ID identified the calls were being initiated from, but not limited to, the following telephone number: (855) 277-1310.

25. Upon information and belief, some or all of the calls the Defendants made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because when he answered calls from the Defendants he would hear either a pre-recorded message stating the call was from Defendants, or an extended pause before a representative would come on the line.

26. Furthermore, some or all of the calls at issue were placed by the Defendants using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

27. None of Defendants' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

28. In or about February of 2018, Plaintiff answered a call from the Defendants to his aforementioned cellular telephone number, met with an extended pause, held the line and was eventually connected to a live representative, and informed an agent/representative of Defendants that the calls to his cellular phone were harassing, that he needed time to be able to make his payment, and demanded that they cease calling his aforementioned cellular telephone number.

29. During the aforementioned phone call with Defendants in or about February of 2018, Plaintiff unequivocally revoked any express consent Defendants had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

30. Each subsequent call the Defendants made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

31. Each subsequent call the Defendants made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

32. Despite actual knowledge of their wrongdoing, the Defendants continued the campaign of abuse, calling the Plaintiff despite the Plaintiff revoking any express consent the Defendants may have had to call his aforementioned cellular telephone number.

33. On at least six (6) separate occasions, Plaintiff has answered a call Defendants, held the line to be connected to a live representative, and demanded that Defendants cease placing calls to his aforementioned cellular telephone number.

34. The Plaintiff's repeated requests for the harassment to end were ignored.

35. Defendants intentionally harassed and abused Plaintiff on numerous occasions by calling several times in the same hour, during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

36. Defendants attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

37. Defendants have a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to the Plaintiff' cellular telephones in this case.

38. Defendants have a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as it did to the Plaintiff's cellular telephones in this case, with no way for the consumer, or Defendants, to remove the numbers.

39. Defendants' corporate policies are structured as to continue to call individuals like the Plaintiff; despite these individuals explaining to Defendants they wish for the calls to stop.

40. Defendants have numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

41. Defendants have numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call despite being requested to stop.

42. Defendants have numerous complaints from consumers against them across the country asking to not be called; however, the Defendants continue to call the consumers.

43. Defendants' corporate policies provide no means for the Plaintiff to have his numbers removed from the call list.

44. Defendants have a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

45. None of the Defendants' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

46. Defendants willfully and knowingly violated the TCPA with respect to the Plaintiff.

47. From each and every call placed without express consent by Defendants to Plaintiff's respective cellular telephones, Plaintiff suffered the injury of invasion of privacy and the intrusion upon their right of seclusion.

48. From each and every call without express consent placed by Defendants to Plaintiff's respective cellular telephones, Plaintiff suffered the injury of the occupation of her cellular telephone lines and cellular telephones by unwelcome calls, making the telephones unavailable for legitimate callers or outgoing calls while the telephones were ringing from Defendants' call.

49. From each and every call placed without express consent by Defendants to Plaintiff's cellular telephones, Plaintiff suffered the injury of unnecessary expenditure of their time. For calls they answered, the time they spent on the call was unnecessary as they had repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the telephone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephones, which are designed to inform the user of important missed communications.

50. Each and every call placed without express consent by Defendants to Plaintiff's respective cellular telephones was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to

waste time to unlock the telephone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephones, which are designed to inform the users of important missed communications.

51. Each and every call placed without express consent by Defendants to Plaintiff's respective cellular telephones resulted in the injury of unnecessary expenditure of Plaintiff's respective cellular telephones' battery power.

52. Each and every call placed without express consent by Defendants to Plaintiff's respective cellular telephones where a voice message was left which occupied space in Plaintiff's telephones or network.

53. Each and every call placed without express consent by Defendants to Plaintiff's respective cellular telephones resulted in the injury of a trespass to Plaintiff's chattel, namely their cellular telephones and their cellular telephone services.

54. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, and increased blood pressure.

## COUNT I
**(Violation of the TCPA by Defendant, Verizon Communications, Inc.)**

55. Plaintiff fully incorporates and realleges paragraphs one (1) through fifty-four (54) as if fully set forth herein.

56. Defendant, Verizon Communications, Inc., willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant, Verizon Communications, Inc., that he wished for the calls to stop.

57. Defendant, Verizon Communications, Inc., repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff, Mark Threatts, respectfully demands a trial by jury on all issues so triable and judgment against Verizon Communications, Inc., for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
**(Violation of the TCPA by Defendant, Convergent Outsourcing, Inc.)**

58. Plaintiff fully incorporates and realleges paragraphs one (1) through fifty-four (54) as if fully set forth herein.

59. Defendant, Convergent Outsourcing Inc., willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant, Convergent Outsourcing Inc., that he wished for the calls to stop.

60. Defendant, Convergent Outsourcing Inc., repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff, Mark Threatts, respectfully demands a trial by jury on all issues so triable and judgment against Convergent Outsourcing Inc., for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## **COUNT III**
**(Violation of the FCCPA by Defendant, Verizon Communications, Inc.)**

61. Plaintiff fully incorporates and realleges paragraphs one (1) through fifty-four (54) as if fully set forth herein.

62. At all times relevant to this action, Defendant, Verizon Communications, Inc., is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

63. Defendant, Verizon Communications, Inc., has violated Florida Statute §559.72(7) by willfully communicating with the alleged debtor or any member of his or her family with such frequency as can reasonably be expected to harass the alleged debtor or his or her family.

64. Defendant, Verizon Communications, Inc., has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the alleged debtor or any member of his or her family.

65. Defendant, Verizon Communications, Inc., actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff, Mark Threatts, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Verizon Communications, Inc. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT IV
**(Violation of the FCCPA by Defendant, Convergent Outsourcing, Inc.)**

66. Plaintiff fully incorporates and realleges paragraphs one (1) through fifty-four (54) as if fully set forth herein.

67. At all times relevant to this action, Defendant, Convergent Outsourcing, Inc, is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

68. Defendant, Convergent Outsourcing, Inc., has violated Florida Statute §559.72(7) by willfully communicating with the alleged debtor or any member of

his or her family with such frequency as can reasonably be expected to harass the alleged debtor or his or her family.

69. Defendant, Convergent Outsourcing, Inc, has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the alleged debtor or any member of his or her family.

70. Defendant, Convergent Outsourcing, Inc., actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff, Mark Threatts, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Convergent Outsourcing, Inc. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT V
**(Violation of the FDCPA by Defendant, Convergent Outsourcing, Inc.**

71. Plaintiff fully incorporate and re-allege paragraphs one (1) through fifty-four (54) as if fully set forth herein.

72. At all times relevant to this action CONVERGENT OUTSOURCING, INC., is subject to and must abide by 15 U.S.C. § 1692 et seq.

73. CONVERGENT OUTSOURCING, INC., has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to

harass, oppress, or abuse any person in connection with the collection of a debt.

74. CONVERGENT OUTSOURCING, INC., has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

75. CONVERGENT OUTSOURCING, INC. has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiff, Mark Threatts respectfully demand a trial by jury on all issues so triable and judgment against CONVERGENT OUTSOURCING, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Octavio Gomez*
Octavio Gomez, Esquire
Florida Bar #: 0338620
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
TGomez@forthepeople.com
JNeal@forthepeople.com
MMartinez@ForThePeople.com
*Attorney for Plaintiff*